MJC:ljc 95454 \Pleadings\95454 15d Our Objection 6-10-19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILBERT L. RICHARDSON | : | |
| | : | |
| VS. | : | C.A. NO. 1:18-cv-253 |
| | : | |
| CITY OF PROVIDENCE, ET AL | : | |

### DEFENDANTS' OBJECTION/RESPONSE TO PLAINTIFF'S MOTION TO DENY AND/OR DEFER RULING ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In response to the defendants' motion for summary judgment, the plaintiff has filed a motion [Doc. 31] asking this Court to deny the same or, in the alternative, to defer a ruling thereon in order to afford the plaintiff time to conduct discovery.

Your defendants object to the plaintiff's motion that the summary judgment be denied. Procedurally, it is a sound motion and ought to be decided on its merits.

With regard to the plaintiff's request for a Rule 56(d) delay in the Court's ruling thereon, the plaintiff has already initiated some discovery requests (depositions, requests for admission) which the defendants intend to respond to. However, your defendants request that any such Rule 56(d) discovery period be limited in time to no more than sixty (60) days as well as in scope to issues involving fraud in the prosecution of the underlying criminal charge against the plaintiff.

### TIME LIMITATION

The plaintiff avers that the underlying criminal charges were dismissed against him in May 2015. However, he waited three (3) years before filing this lawsuit and therefore had ample time (three years) to conduct an investigation into the matter to be sure that this suit was justified. Indeed,

the plaintiff did not petition the Providence Superior Court for grand jury minutes until just recently, and it is hard to imagine good cause for failure to do so when a separate petition (outside of this lawsuit) was required anyway.

The plaintiff also notes that for some reason, his criminal defense counsel discarded his file materials. As strange as that may be, it is obviously not the fault of the defendants. The plaintiff seems to argue that the defense is in possession of the materials and information needed by the plaintiff to prosecute this suit and defend against the summary judgment. That would hardly be the case. Defendant Matos was an investigating detective in this case, not the prosecutor. This was also a state prosecution, not a city prosecution. Defendants would venture to guess that plaintiff's criminal defense counsel had much more information than the defendants ever did, seeing as she had access to all of the case discovery as well as access to the plaintiff and any of his witnesses.

The defendants also have a legitimate interest in obtaining a timely decision on their pending motion for summary judgment. One of the purposes of the summary judgment motion is to avoid the time and expense of litigation when the matter can be resolved as a matter of law. This is especially true with issues of qualified immunity which the courts have repeatedly stated ought to be decided as early in the litigation as possible.

## SCOPE

Given the undisputed facts and issues of law outlined in the defendants' motion for summary judgment (judicially issued arrest warrant, bail hearings before the Court, grand jury indictment), the only way for the plaintiff to defeat the motion is to show a fraud perpetrated upon the Court by the defendants. There has never been a scintilla of evidence regarding the same. The plaintiff tends to

cast such facts aside along with the inescapable fact that the surviving victim of the crime identified the plaintiff as one of the culprits.  Instead, the plaintiff makes repeated reference to discrepancies in the physical description of the plaintiff (facial hair, no facial hair, etc.) and other matters such as lack of physical evidence connecting plaintiff to the crime scene, or the plaintiff's belief that defendant Matos may have questioned plaintiff's culpability.  None of these issues are material to what the Court must decide in the defendants' motion for summary judgment.  Even if the plaintiff is trying to suggest that the defendant was negligent in his investigation, the same would not be material to the calculus.

Accordingly, scope of the discovery permitted to be conducted should be limited to matters which are truly material to the summary judgment analysis, which is matters relating to fraudulent type conduct committed by the defendants in the underlying criminal prosecution against the plaintiff.

DEFENDANT, CITY OF PROVIDENCE
By its Attorney,

/s/ Kevin F. McHugh
Kevin F. McHugh, Esq. #3927
Senior Assistant City Solicitor
CITY OF PROVIDENCE
444 Westminster Street, Suite 220
Providence, RI  02903
PHONE:  (401) 680-5333
FAX: (401) 680-5520
EMAIL:  Kmchugh@providenceri.gov

DEFENDANT, EMILIO MATOS,
By his Attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3302
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI  02886
PHONE:  (401) 737-3700
FAX:  (401) 737-5499
EMAIL:  mjc@olenn-penza.com

## **CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 10th day of June, 2019, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Shannah Kurland, Esq.
149 Lenox Avenue
Providence, RI  02907

Richard A. Sinapi, Esq.
2374 Post Road, Suite 201
Warwick, RI  02886

Kevin F. McHugh, Sr. Asst. City Solicitor
Providence Law Department
444 Westminster Street, Suite 220
Providence, RI  02903

/s/ Michael J. Colucci